UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

CHARLES J DAVIS, JR,                     §
                                         §
          Petitioner,                    §
VS.                                      §     CIVIL ACTION NO. 3:11-CV-412
                                         §
RICK THALER,                             §
                                         §
          Respondent.                    §

## MEMORANDUM  AND ORDER

Petitioner Charles J. Davis, Jr. (TDCJ #1509783) seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his 2008 convictions for sexual assault of a child and for tampering with a witness.  On October 5, 2011, Davis was ordered to show cause, if any, why his application should not be dismissed as barred by limitations.  He has filed a response to the show cause order. (DE 9).  After careful review of the response, the Court concludes that his habeas petition is barred by limitations and must be dismissed.

Davis was convicted of sexual assault of a child and for tampering with a witness on May 15, 2008.  A jury found him guilty and sentenced him to fifty years' imprisonment for the assault charge and two years' imprisonment for the tampering charge.  The Thirteenth Court of Appeals affirmed the judgment. *Davis v. State*, No. 13-08-00407-CR (Tex. App.—Corpus Christi [13th Dist.] Aug. 26, 2009).  Davis states that he filed a motion for rehearing on October 16, 2009,

which was denied on October 29, 2009. (DE 9-2). On November 3, 2009, Davis filed a motion for extension of time to file a petition for discretionary review (PDR), which was granted. The Texas Court of Criminal Appeals refused the PDR on March 3, 2010.

Davis filed an application for state writ of habeas corpus on May 17, 2011, which was denied without written order on August 10, 2011. He filed this federal petition on September 7, 2011.

This petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which provides as follows:

    (d)(1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

The statute of limitations for federal habeas corpus review begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Davis's conviction was affirmed by the state appellate court on August 26, 2009, and he did not timely file a petition for discretionary review. Normally, this would mean that his conviction became final on September 26, 2009. *See Butler v. Cain*, 533 F.3d 314, 315 (5th Cir. 2008); *see also* TEX. R. APP. P. 26.2 (petition for discretionary review must be filed within thirty days after court of appeals renders judgment). However, because the Texas Court of Criminal Appeals granted

Davis's late-filed motion to extend his time to file a PDR, there is an issue concerning whether the conviction did not become final until that court refused the PDR on March 3, 2010.

The Court need not resolve this issue, however, because even giving Davis the benefit of the doubt and assuming that his conviction became final on the later date when the Texas Court of Criminal Appeals denied the PDR, limitations still bars his federal petition.  Under the AEDPA, assuming that Davis's conviction became final on March 3, 2010, his federal petition was due no later than March 3, 2011.  Davis did not file his federal petition until September 7, 2011.

A properly filed application for state post-conviction relief tolls limitations under 28 U.S.C. § 2244(d)(2), however, the one-year limitations period in this case ended, at latest, on March 3, 2011, more than two months before Davis filed his state habeas application.  As such, the state habeas application had no tolling effect on the limitations period.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Barring the existence of a statutory or equitable exception, the instant petition is time-barred. Davis has failed to demonstrate that any of the other limitation periods in 28 U.S.C. § 2244(d)(1) apply.  He has alleged no state-created impediment that prevented him from filing his federal petition; nor does he base his petition on any new constitutional right or newly discovered facts.

In rare cases, equitable tolling may be entertained when exceptional circumstances make it necessary to preserve a petitioner's claims and strict application of the statute of limitations would be inequitable. *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).  In this case, however, Davis has not shown extraordinary circumstances beyond his control that made it impossible to file his federal petition on time.  Davis has not established that he is entitled to tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## Certificate of Appealability

Under 28 U.S.C. § 2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition.  The Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this order, petitioner has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  The Court will deny the issuance of a certificate of

appealability.

For the foregoing reasons:

1.    The petition for writ of habeas corpus is **DISMISSED** with prejudice as time-barred.

2.    A certificate of appealability is **DENIED**.

3.    All pending motions, if any, are **DENIED.**

**It is so ORDERED**.

**SIGNED** this 28th day of June, 2013.

_____
**Gregg Costa**
**United States District Judge**